UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICHARD DUBUISSON                                           CIVIL ACTION

VERSUS                                                      NO. 17-4883

INDUSTRIAL ECONOMICS, INC. AND                              SECTION "R" (3)
RYAN TOLBERT

## ORDER AND REASONS

Defendant Industrial Economics, Inc. (IE) moves to dismiss plaintiff Richard Dubuisson's second amended complaint.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

This case arises out of a maritime accident that allegedly occurred on November 23, 2015. Plaintiff alleges he was injured while working on a vessel owned and operated by defendant Ryan Tolbert.[2] Though not explicitly stated, plaintiff appears to assert that Tolbert was also the captain of the vessel on the day of the accident.[3] Plaintiff states that he was on the vessel in connection with his work as an employee of AIS Inc. of

---

[1]  R. Doc. 31.
[2]  R. Doc. 30 at 2 ¶ 5, 3 ¶ 9.
[3]  *See id.* at 3 ¶¶ 9-10.

Massachusetts.[4] According to plaintiff, the vessel was "under the control" of IE, "pursuant to a contract" between IE and Tolbert.[5] Plaintiff further states that IE "controlled the operations of the vessel" by "hiring th[e] vessel, directing the route and locations at which the vessel would operate," and "approving captains."[6]

Plaintiff states that he was injured when a large wave hit the vessel.[7] Plaintiff alleges that Tolbert failed to advise him and the other AIS employees that the wave was going to hit.[8] Plaintiff also alleges that Tolbert failed to "keep the boat in place while on location," which he says contributed to the "movement" that ultimately threw him to the deck.[9] Plaintiff states that he has suffered a serious lower back injury as a result of this fall.[10]

On May 11, 2017, plaintiff sued Tolbert and IE for negligence under general maritime law.[11] IE moved to dismiss the first complaint under Federal Rule of Civil Procedure 12(b)(6).[12] Before that motion was fully

---

4     *Id.* at 2 ¶ 4.
5     *Id.* ¶ 5.
6     *Id.* ¶¶ 7-8.
7     *Id.* at 3 ¶ 9.
8     *Id.*
9     *Id.* ¶ 10.
10     *Id.*
11     R. Doc. 1.
12     R. Doc. 10.

briefed, plaintiff sought leave to amend his complaint,[13] which Magistrate Judge Knowles granted.[14] Plaintiff's first amended complaint added only two additional substantive paragraphs.[15] Before any additional motions were filed, Chief Judge Engelhardt denied IE's initial motion to dismiss as moot.[16] Judge Engelhardt noted that plaintiff's allegations in the amended complaint were "overly conclusory" and lacked sufficient factual support. He ordered plaintiff to submit a second amended complaint.[17] On May 18, 2018, the case was transferred to this Section.[18]

IE now moves to dismiss the second amended complaint, arguing that plaintiff has failed to plead facts sufficient to allege that IE (1) owed plaintiff a duty and (2) was a substantial factor in causing plaintiff's injuries.[19]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

---

[13] R. Doc. 16.
[14] R. Doc. 19.
[15] R. Doc. 21.
[16] R. Doc. 27.
[17] *Id.*
[18] R. Doc. 36.
[19] R. Doc. 31-1 at 3-4.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. DISCUSSION

To state a claim for maritime negligence, a plaintiff must "demonstrate that there was a duty owed by the defendant to the plaintiff, breach of that

duty, injury sustained by the plaintiff, and a causal connection between the defendant's conduct and the plaintiff's injury." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 211 (5th Cir. 2010) (internal quotations and modifications omitted). As to causation, a party's negligence is actionable only if it is the "legal cause" of the plaintiff's injuries. *Id.* The Fifth Circuit defines legal cause as "something more than but for causation," meaning that "the negligence must be a substantial factor" in causing the injuries. *Id.*

Plaintiff has failed to plausibly allege that IE was a substantial factor in causing plaintiff's injuries. IE's connection to plaintiff's alleged injuries rests on the allegations that IE had the ability to "approv[e] captains"[20] and "knew or should have known" that Tolbert was operating the vessel in an unsafe manner.[21] These allegations are akin to a claim for negligent hiring or retention under general maritime law. *See In re Marquette Transp. Co. Gulf-Inland, LLC*, No. 13-5114, 2016 WL 1587382, at *3 (E.D. La. Apr. 20, 2016) (recognizing a cause of action for negligent hiring or retention under general maritime law, and applying the same four elements as a general claim for negligence). In *Marquette*, the Court granted the defendant's motion for judgment on the pleadings when the plaintiffs alleged, without

---

[20] R. Doc. 30 at 2 ¶ 8.
[21] *Id.* at 3 ¶ 11.

5

factual support, that the defendant's "negligent hiring of" the captain caused the plaintiffs' injuries. *Id.* The Court noted that the plaintiffs "provide[d] no facts demonstrating how [the defendant's] hiring process failed to conform to the applicable standard of care." *Id.* The plaintiffs also failed to plead facts to support the conclusion that the captain was incompetent at the time the defendant hired him. *Id* (citing *Patterson v. Omega Protein, Inc.*, No. 13-6293, 2014 WL 4354461, at *7 (E.D. La. Sept. 2, 2014)).

Here, plaintiff similarly alleges in conclusory fashion that IE failed "to provide adequate personnel for the job in question."[22] Plaintiff fails to allege how IE's process for approving Tolbert as captain was negligent, or why plaintiff should have known that Tolbert was operating the vessel in an unsafe manner. In fact, plaintiff's complaint is even more deficient than the complaint in *Marquette*, because plaintiff alleges only that IE was responsible for "approving" the vessel's captains, rather than hiring them.[23] Plaintiff's conclusory allegations therefore do not rise to the level of plausibility required by *Twombly* and *Iqbal*.

IE separately argues that plaintiff fails to allege that IE acted negligently within a sphere of activity over which it exercised control.[24] This

---

[22] *Id.* at 3-4 ¶ 12.
[23] *Id.* at 2 ¶ 8.
[24] R. Doc. 31-1 at 3.

line of attack addresses whether IE owed plaintiff a duty that IE can be held liable for breaching. *See Callahan v. Gulf Logistics, L.L.C.*, 456 F. App'x 385, 390 (5th Cir. 2011). Because plaintiff's failure to sufficiently allege causation alone requires dismissal, the Court will not address this argument.

Finally, IE asks the Court to dismiss plaintiff's claim with prejudice because plaintiff has already been given two opportunities to amend his complaint.[25] In his opposition, plaintiff does not address this aspect of IE's motion, and does not seek leave to amend his complaint in the event the Court grants IE's motion.

The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, "is by no means automatic." *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

---

[25] R. Doc. 31-1 at 5.

opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182.

Judge Engelhardt ordered plaintiff to file this second amended complaint after calling plaintiff's previous attempt "overly conclusory and lacking factual information sufficient to support a reasonable inference of negligence."[26] Given plaintiff has previously been noticed of these defects but has failed to cure them, the Court finds that further amendment is not warranted. *Foman*, 371 U.S. at 182.

## IV. CONCLUSION

For the foregoing reasons, IE's motion to dismiss is GRANTED. Plaintiff's claim against IE is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __16th__ day of July, 2018.

_____
SARAH S. VANCE
UNITES STATES DISTRICT JUDGE

---

[26] R. Doc. 27.